## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | **Case No. 05-50252-JAD** |
| **AUDREY MAY JONES,** | : | |
| | : | **Chapter 13** |
| Debtor. | : | |
| ———————————————— | : | **Related to Document #64** |
| | : | |
| **AUDREY MAY JONES,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| - vs - | : | |
| | : | |
| **ITT CONSUMER DISCOUNT** | : | |
| **COMPANY,** | : | |
| | : | |
| Respondent. | : | |
| ———————————————— | : | |

## MEMORANDUM OPINION
## REGARDING THE DEBTOR'S MOTION
## TO REINSTATE THE AUTOMATIC STAY

The matter before the Court is the above captioned debtor's Motion to Reinstate Automatic

Stay. For the reasons set forth more fully below, the Court will enter an order which denies the

relief requested by the debtor.

### I. Background

On April 19, 2006 this Court entered an Order Granting Conditional Relief From Stay In

Favor of ITT Consumer Discount Company or Its Successors or Assigns (the "Relief From Stay

Order").[1] The Relief From Stay Order was entered by the Court after ITT Consumer Discount

---

[1] The Court takes judicial notice of the facts and circumstances surrounding the entry of the
Relief From Stay Order as set forth in the Court's file, including the statements made by the debtor in
documents filed on her behalf. See Fed.R.Evid. 201; Nantucket Investors, II v. California Fed. Bank (In re

(continued...)

Company or its Successors or Assigns ( the "creditor") had moved for relief from the automatic stay

and after the Court's due consideration of the debtor's opposition thereto.

The motion for relief from the automatic stay filed by the creditor on January 25, 2006

alleged, among other things, that the principal balance due the creditor as of the debtor's bankruptcy

filing was $35,904.93, that the interest which accrued as of the bankruptcy filing was $21,889.12,

that various fees and charges were due and owing, that the debtor's monthly payment was $590.00

per month, and that the debtor was in default of post-petition mortgage payments since December

11, 2005.  In response to the creditor's motion for relief from the automatic stay, the debtor disputed

some of the figures alleged by the creditor.  The debtor also acknowledged that her monthly payment

was $590.00 per month, that the debtor was $18,290 in arrears to the creditor as of the date the

debtor filed for bankruptcy protection, and that the debtor's post-petition arrears were $1,770.00.

At the April 19, 2005 hearing on the motion for relief from stay, the creditor had argued that

its claim totaled at least $68,000 and that at least $10,000 of priority tax claims had encumbered the

creditor's collateral (which the debtor asserted was valued at approximately $68,000).  The debtor,

however, suggested at the hearing that the creditor's claim calculation was $10,000 too high because

the creditor included the $10,000 tax claim as a part of the creditor's claim and that the creditor had

not in-fact paid the real estate taxes encumbering the debtor's residence.  Accepting the debtor's

---

[1](...continued)

Indian Palms Associates, Ltd.), 61 F.3d 197, 204-206 (3d Cir. 1995)(judicial notice of documents in court's file is permissible).  The Court specifically takes judicial notice of the statements made by the debtor located in the Court's file at the following Document Numbers: #17 (motion for relief from stay), #24 (debtor's response to the motion for relief from stay), #25 (debtor's objection to claim), #36 (response to objection to claim), #39 (debtor's response to motion for relief from stay), #42 (Relief From Stay Order), #53 (affidavit of default), #62 (modified order withdrawing claims objection), #64 (motion to reinstate the stay), #71 (response to motion to reinstate the stay), #77 (debtor's brief in support of motion to reinstate the stay), #79 memorandum in opposition to motion to reinstate automatic stay), and the CD-Rom audio recording of the April 19, 2006 hearing on the creditor's motion for relief from the automatic stay.

argument as true, it therefore appeared to the Court at the April 19, 2006 hearing that there was no genuine dispute that (a) the debtor failed to make adequate protection payments to or for the benefit of the creditor, and (b) the debtor's residence had little or no equity to adequately protect the creditor's security interest.  At the hearing on the motion for relief from stay, debtor's counsel also acknowledged it is, and has been, "difficult" for the debtor to make plan payments due to her limited income.  It therefore appeared to the Court that successful plan funding was (and remains) uncertain. Under these circumstances, the Court concluded that a conditional order granting the creditor relief from the automatic stay was warranted.

The Relief From Stay Order granted the creditor relief from the automatic stay so that the creditor could foreclose its security interest in the debtor's residence.  However, the Relief From Stay Order also stayed the effectiveness of the order so long as the debtor timely made plan payments to the Chapter 13 Trustee.  Unfortunately the debtor defaulted on her plan payments and the creditor then filed an affidavit of default on June 22, 2006 thereby triggering a *vacatur* of the automatic stay.  The debtor now asks that the Court reimpose the automatic stay.

## II.  Discussion

The gravamen of the debtor's motion is a dispute as to the amount of the creditor's claim. In a nutshell, the debtor contends that "she did not receive credit for nearly five years of payments on her mortgage."  See Debtor's Brief in Support of Motion to Reinstate Stay at p. 2.  Because the debtor suggests that the creditor's claim is inflated, the debtor argues that the stay should never have been lifted. For this reason, the debtor now asks that the Court reimpose the stay.[2]

---

[2]  A bankruptcy court's order granting relief from the automatic stay is a final order under applicable law. In re Comer, 716 F.2d 168, 172 (3d Cir. 1983).  In the instant case, the Relief From Stay Order became final once the affidavit of default was filed by the creditor.

From the outset, the Court notes that the debtor has not articulated the legal standard the Court must follow in order for the automatic stay to be reinstated in this case. The Court could treat the debtor's motion as a motion under Fed.R.Civ.P. 59 to alter or amend a judgment (namely the Relief From Stay Order).[3] Motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in a prior decision on the merits. See White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451 (1982). The amount of the claim of the creditor in this case surely is a matter properly encompassed in the Court's Relief From Stay Order. However, any motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59 should have been filed "no later than 10 days after entry of the judgment," and the debtor's motion was filed well beyond this time period. See Fed.R.Civ.P. 59(b). The debtor is therefore not entitled to relief pursuant to Fed.R.Civ.P. 59.

Alternatively, the Court could treat the debtor's motion as a motion for relief from judgment or order pursuant to Fed.R.Civ.P. 60(b).[4] A fair reading of the pleadings filed by the debtor in opposition to the original motion for relief from stay reflects that the debtor had previously challenged the amount of the creditor's claim in those proceedings. Under these circumstances, the Court finds that the debtor cannot fall within any of Fed.R.Civ.P. 60(b)'s safe harbor provisions. The debtor simply has not plead, let alone proven, that the Relief From Stay Order was entered due to some mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, misrepresentation or other misconduct which would warrant relief pursuant to Fed.R.Civ.P. 60.

Lastly, the Court could interpret the debtor's motion as a complaint for an injunction

---

[3]  Fed.R.Bankr.P. 9023 provides that Fed.R.Civ.P. 59 applies in bankruptcy cases.

[4]  Fed.R.Bankr.P. 9024 provides that Fed.R.Civ.P. 60 applies in bankruptcy cases.

pursuant to Fed.R.Bankr. 7065.  Case law suggests that once the automatic stay is terminated, the

appropriate standard utilized by the courts to determine whether the automatic stay should be

reimposed is the "injunctive principles [that] are more stringent than those applied under section

362(d) to continue the stay." <u>Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re</u>

<u>Wedgewood Realty Group, Ltd.)</u>, 878 F.2d 693, 701 (3d Cir. 1989).  Pursuant to applicable law,

> . . . the debtor, in accordance with Bankruptcy Rule 7065 and
> Fed.R.Civ.P. 65, has the burden of demonstrating to the Court the
> following: substantial likelihood of success on the merits, irreparable
> harm to the movant, harm to the movant outweighs harm to the
> nonmovant, and injunctive relief would not violate public interest.

<u>Id</u>. at 701; <u>see also</u> <u>Spagnol Enterprises, Inc. V. Atlantic Fin. Fed. Sav. Assoc. (In re Spagnol</u>

<u>Enterprises, Inc.)</u>, 33 B.R. 129, 131 (W.D. Pa. 1983).

   The debtor in this case has not sustained her burden of proof.  The undisputed record in this

case is that the creditor obtained summary judgment in a mortgage foreclosure action on August 29,

2005, and the instant bankruptcy proceeding was filed almost three (3) months thereafter.  <u>See</u>

Debtor's Brief in Support of Motion to Reinstate Stay [Docket #77] at 1.  The order of the state court

therefore appears to be final and the debtor has not suggested any basis upon which the Court could

conclude otherwise.  Because the debtor's indebtedness to the creditor was actually litigated in

connection with the mortgage foreclosure proceedings,[5] the Court finds that the debtor does not have

a substantial likelihood of success on the merits of any objection to the creditor's claim.  Indeed, any

such objection appears to be barred by the doctrines of *res judicata* and/or collateral estoppel.  <u>See</u>

<u>Ezekoye v. Ocwen Fed.  Bank FSB (In re Ezekoye)</u>, 308 B.R. 738, 740-743 (Bankr. W.D. Pa.

---

   [5]  While the record is silent as to whether the debtor opposed the motion for summary judgment
filed by the creditor before the state court, the record does reflect that the debtor answered the complaint
in foreclosure and that the debtor participated in discovery.

2004).[6]   Under these circumstances, the movant has not demonstrated that she is entitled to

injunctive relief and an order will be entered which denies the Motion to Reinstate the Stay.[7]

*[Remainder of Page Intentionally Left Blank]*

---

[6]  Because the Court has determined that the debtor failed to demonstrate that she is entitled to injunctive relief, the Court declines to address the creditor's argument that the debtor's motion is barred by the <u>Rooker-Feldman</u> Doctrine. <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); and <u>Knapper v. Bankers Trust Co. (In re Knapper)</u>, 407 F.3d 573 (3d Cir. 2005).

[7]  In denying the debtor's motion, the Court rejects the debtor's contention that Beneficial Consumer Discount Company d/b/a Beneficial Mortgage Company of Pennsylvania is not the mortgagee of the debtor's residence ("Beneficial"). Beneficial sets forth at length in its papers the chain of title as it relates to the mortgage in question, and it appears to the Court that Beneficial is a successor and/or assign of ITT Consumer Discount Company's interest in the mortgage. In these proceedings, the debtor offered no evidence in the form of affidavit or otherwise to refute the chain of title described by Beneficial. As such, the debtor has not met her burden of production and/or burden of proof as to this issue.

### III.  Conclusion

This Memorandum Opinion constitutes the Courts findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.  For the reasons set forth above, the Court concludes that the debtor has not demonstrated that sufficient cause exists to reimpose the automatic stay in this case.  The debtor's Motion to Reinstate the Automatic Stay is therefore DENIED.  A separate order shall be issued consistent with this Memorandum Opinion.

November 15, 2006                       /s/ Jeffery A. Deller                    
                                      Jeffery A. Deller
                                      United States Bankruptcy Judge

cc:    P. William Bercik, Esq.
       Donna Donaher, Esq.
       Margaret Gairo, Esq.
       Ronda Winnecour, Chapter 13 Trustee
       Office of the United States Trustee

## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | **Case No. 05-50252-JAD** |
| **AUDREY MAY JONES,** | : | |
| | : | **Chapter 13** |
| **Debtor.** | : | |
| _____ | : | **Related to Document #64** |
| | : | |
| **AUDREY MAY JONES,** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| **- vs -** | : | |
| | : | |
| **ITT CONSUMER DISCOUNT** | : | |
| **COMPANY,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

### ORDER DENYING THE DEBTOR'S MOTION
### TO REINSTATE THE AUTOMATIC STAY

AND NOW, this 15<u>th</u> day of November, 2006, and for the reasons set forth in the Court's

Memorandum Opinion issued contemporaneously herewith, the Court concludes that the debtor has

not demonstrated that sufficient cause exists to reimpose the automatic stay in this case.  The debtor's

Motion to Reinstate the Automatic Stay is therefore DENIED.


November 15, 2006            ___/s/ Jeffery A. Deller_____
                            Jeffery A. Deller
                            United States Bankruptcy Judge

cc:    P. William Bercik, Esq.
       Donna Donaher, Esq.
       Margaret Gairo, Esq.
       Ronda Winnecour, Chapter 13 Trustee
       Office of the United States Trustee


00000545.WPD